IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| PAULA FIEDLER § | |
| § | |
| V. § | CIVIL ACTION NO. G-11-025 |
| § | |
| FIDELITY NATIONAL PROPERTY § | |
| AND CASUALTY INSURANCE COMPANY§ | |

## OPINION AND ORDER

Before the Court is the Motion for Summary Judgment of Defendant, Fidelity National Property and Casualty Insurance Company, filed on September 14, 2012[1]; the Motion seeks the dismissal of the Original Complaint of Plaintiff, Paula Fiedler. The Motion will be granted.

The only facts relevant to the disposition of the Motion are virtually undisputed. Fiedler's home was insured by Fidelity under a Standard Flood Insurance Policy (SFIP) when it was damaged by flooding caused by Hurricane Ike in September 2008. Fiedler submitted timely Proofs of Loss which were paid by Fidelity. In total, Fiedler received about $160,800.00 in insurance benefits. On August 7, 2009, the extended deadline for submitting a Proof of Loss for Hurricane Ike damage expired. On January 26, 2010, Fiedler submitted the Proof of Loss at issue in this case, which Fidelity received on February 5, 2009, and denied on February 10, 2009. Fiedler filed this lawsuit on September 13, 2010. Fidelity now argues that the final Proof of Loss was untimely and Fiedler's complaint should be dismissed.

---

[1] With apologies to the Parties, the Court never received the court-ordered courtesy copy of Plaintiff's response to the Motion for Summary Judgment and, as a result, Fidelity's Motion, apparently, "fell through the cracks" until it was found on the Court's semi-annual list of motions pending for over six months.

Fiedler concedes that the Proof of Loss appears to be untimely; however, she argues that "Fidelity misses the point" because given the facts in this case the untimely submission must be ignored. The gravamen of her argument is that Fidelity, by continuing to consider her claim, "revised the insurance policy to allow Ms. Fiedler to submit further documentation of damage after the Proof of Loss deadline." Unfortunately, for Fiedler, her premise is faulty. Despite the misleading language in a March 16, 2010, letter from Fidelity that it had the "right" to "revise your policy based on our review," no such "right," as construed by Fiedler, exists. Under 44 C.R.F. §61.5(e), "representations regarding the extent and scope of coverage which are not consistent with the National Flood Act . . . or the Programs regulations are void." Only the Federal Insurance Administrator may waive the filing of a timely Proof of Loss. 44 C.F.R. §61.13(d); Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998) ("No provision of the [Standard Flood Insurance] policy may be waived without the *expressed* written consent of the Federal Insurance Administrator.") In fact, the Administrator does so on a routine basis to pay claims deemed meritorious, but otherwise time-barred. No such waiver, however, has been issued in this case. Fiedler's argument that Fidelity's continued correspondence about her claims waived the timely Proof of Loss requirement is without merit. See, Wagner v. Director, Federal Emergency Management Agency, 847 F.2d 515, 520 (9th Cir. 1988) (Insurer does not waive the 60-day limit by answering claimant's inquiries or by considering new information after the expiration of the deadline); Gagliardi v. Omaha Property and Insurance Company, 952 F.Supp. 212 (D. N.J. 1997) (No constructive waiver by conduct resulting from a flood insurer's continued efforts to resolve a claim beyond the date the Proof of Loss was due); Brown v. Omaha Property and Casualty Insurance Co., No. S.A.-03-CA-721-FD, *15 W.D. Tex. 72204) (Re-opening a file after the

expiration of the 60-day proof of loss deadline did not amount to a waiver of the proof of loss requirement.); Evans v. National Flood Insurance Program, No. G-10-468 (S.D. Tex., Galveston, 5/16/11) (Same as to August 7, 2009 deadline)   Fiedler simply failed to timely submit the Proof of Loss for the additional benefits sought by her complaint and Fidelity is entitled to summary judgment as a matter of law.

It is, therefore, **ORDERED** that the Motion for Summary Judgment (Instrument no. 25) of Defendant, Fidelity National Property and Casualty Company, is **GRANTED** and the Original Complaint of Plaintiff, Paula Fiedler, is **DISMISSED**.

**DONE** at Galveston, Texas, this      27th      day of September, 2013.

_____
John R. Froeschner
United States Magistrate Judge